Robert T. Mills (Arizona Bar No. 018853)
Sean A. Woods (Arizona Bar No. 028930)
MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Telephone 480.999.4556
docket@millsandwoods.com
swoods@millsandwoods.com
rmills@millsandwoods.com
*Attorneys for Plaintiff*

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014-2555
480.999.4556

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Tyrone Ross,

Plaintiff,

v.

Maricopa County Community College District, an Arizona public entity; Brent Cooper; Mark Woehl,

Defendants.

No. CV-25-01671-PHX-SMB

**PLAINTIFF'S CONTROVERTING STATEMENT OF FACTS AND STATEMENT OF ADDITIONAL FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

(Assigned to the Hon. Susan M. Brnovich)

Plaintiff Tyrone Ross, by and through undersigned counsel, pursuant to Fed. R. Civ. P. 56(c) and LRCiv 56.1(b), submits his Controverting Statement of Facts and Statement of Additional Facts (the "PSOF") in opposition to Defendants' Motion for Summary Judgment. Paragraphs 1 through 51 respond to the correspondingly numbered paragraphs of Defendants' Statement of Facts (Doc. 33) ("DSOF"), and paragraphs 52 through 81 set out additional facts. Facts noted as "Undisputed" are undisputed solely for purposes of Defendants' Motion for Summary Judgment. Exhibits are cited as "PX" and are attached to this PSOF. The deposition of Plaintiff ("Ross Dep.") is PX 1, and the deposition of Mark Woehl ("Woehl Dep.") is PX 2.

## I. RESPONSES TO DEFENDANTS' STATEMENT OF FACTS

1. Undisputed.

2. Undisputed.

3. Undisputed.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

4. Undisputed that Mr. Cooper was lead instructor and Mr. Woehl was Program Manager. Mr. Woehl was also Mr. Cooper's direct supervisor for six years, evaluated his performance, and evaluated how he "interacted with the students." Woehl Dep. 10:16-11:25, 12:1-6. See PSOF ¶¶ 52-55.

5. Undisputed.

6. Undisputed.

7. Disputed as incomplete. The policy made Mr. Woehl, as a manager, a mandatory reporter of discrimination. Woehl Dep. 105:12-107:4; PX 13 at MCCCD-Ross 001073. Dr. Wilson's authority to run formal investigations does not establish that no one else could act to stop the harassment. See PSOF ¶¶ 52-58.

8. Undisputed.

9. Undisputed.

10. Undisputed that Plaintiff emailed Dr. Urbanski on December 6, 2022. Disputed that this was Plaintiff's first complaint. Plaintiff had complained to Mr. Woehl "[a]lmost more than ten times" before that date. Ross Dep. 62:21-63:4. Dr. Urbanski was acting as interim dean. Woehl Dep. 12:18-13:11.

11. Disputed as incomplete. Plaintiff testified that he "was already trying to elevate it" and that everyone kept directing him back to Mr. Woehl. Ross Dep. 75:24-76:21, 114:23-115:4. Mr. Woehl also passed Plaintiff's discrimination concerns to Dr. Urbanski before any formal complaint. Woehl Dep. 53:21-54:3, 91:8-23, 108:2-4.

12. Undisputed. Plaintiff emailed the complaint to Mr. Woehl at 12:08 p.m. on December 6, 2022. PX 3.

13. Undisputed.

14. Undisputed that Dr. Wilson received the complaint on December 8, 2022. Disputed to the extent DSOF ¶ 14 implies that was the District's first notice. See PSOF ¶¶ 59-64.

15. Undisputed that Dr. Wilson had that authority. Disputed that she was the only official with authority to take corrective action. See PSOF ¶¶ 52-58.

16. Undisputed.

17. Undisputed.

18. Disputed. Plaintiff missed class because he was "scared to go to school" and told Mr. Woehl so. Ross Dep. 124:2-23. After he complained, the Vice President of Student Affairs told him he did not have to come back to class. He was then dropped without being told he had to return. Ross Dep. 56:25-57:12, 77:13-78:1.

19. Disputed. Plaintiff was first told he did not have to return, and learned only later that he had been dropped. Ross Dep. 56:25-57:12, 77:13-78:1.

20. Undisputed.

21. Disputed. Plaintiff told the District on December 8, 2022 that he wanted to finish the program. PX 5 at MCCCD-Ross 000443-444.

22. Undisputed that the District arranged his return. Disputed that the arrangement was implemented as promised. See PSOF ¶¶ 65-75.

23. Object that DSOF ¶ 23 is immaterial. Disputed. Defendants rely only on the Wilson Declaration. Plaintiff was told he did not need to return. Ross Dep. 56:25-57:12.

24. Undisputed that Plaintiff returned on or about February 8, 2023, assigned to Mr. Hernandez. Mr. Woehl then reassigned Mr. Hernandez to another class on about the second day, for about a month. Ross Dep. 96:12-97:9.

25. Undisputed that extra time was provided. Plaintiff lost much of that time because Mr. Cooper resumed controlling his work and required him to work on another car first. Ross Dep. 55:1-19, 86:9-18.

26. Disputed. Mr. Cooper had contact with Plaintiff "every day." Ross Dep. 35:11-23, 37:13-16, 106:7-107:2. Mr. Woehl, Mr. Cooper's supervisor, knew of no no-contact directive and never told Mr. Cooper about one. Woehl Dep. 73:8-10, 74:5-7. The District itself found that Mr. Cooper "did approach Mr. Ross when he was with other students on

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

multiple occasions following his return to class," "despite prior conversations regarding the supportive measures to be put in place." PX 10 at ROSS_000019.

27. Undisputed. The findings included that Mr. Cooper asked Plaintiff why he could not say the slur and used the uncensored slur. They also found he called a car aesthetic "ni**erated" and called students a "lynch mob," and concluded that he "directly contributed to the creation of a hostile learning environment for Mr. Ross." PX 8 at ROSS_000003-4, ROSS_000006.

28. Undisputed.

29. Undisputed that Mr. Cooper was placed on leave effective March 9, 2023. District HR had concluded on December 12, 2022 that "we would need to remove this employee while the investigation is concluded." PX 6 at MCCCD-Ross 000462.

30. Undisputed.

31. Undisputed that the District records April 13, 2023 as the completion date. Plaintiff returned to campus after that for meetings with the investigator. Ross Dep. 44:21-25.

32. Disputed. Plaintiff did not receive the certificate until the OCR mediation, around December 2023. He was told by email that he could not receive it because he had not finished his clock hours. Ross Dep. 25:14-26:5, 26:17-19, 27:13-17. Defendants' counsel represented that it issued in February 2023, before Plaintiff completed the program. Ross Dep. 25:19-21.

33. Undisputed that the transcript reflects "A" grades. Plaintiff testified that he received the certificate "on paper" but "didn't really even learn nothing." Ross Dep. 128:14-16.

34. Undisputed.

35. Disputed. Plaintiff testified: "I know for a fact that I seen Mr. Cooper every day of the second time that I went to class until I left the school." Ross Dep. 37:13-16.

36. Disputed as incomplete. Plaintiff returned to campus for meetings with the investigator. Ross Dep. 44:21-25.

37. Disputed. See PSOF ¶ 35.

38. Undisputed.

39. Disputed as incomplete. The District's written decision on Complaint 2 issued on May 17, 2023, and was to become "final and concluded" if no response was received by May 30, 2023. PX 10 at ROSS_000018, ROSS_000021.

40. Disputed. District policy required reasonable supportive measures on notice. PX 13; Woehl Dep. 108:18-25. Mr. Woehl could not recall offering Plaintiff any. Woehl Dep. 86:24-87:1.

41. Undisputed that Mr. Cooper resigned. Defendants provide no date. Plaintiff first learned that Mr. Cooper was gone at the OCR mediation. Ross Dep. 104:2-15, 105:4-9.

42. Undisputed.

43. Undisputed that the Amended Complaint asserts only Title VI claims. Doc. 10.

44. Undisputed.

45. Disputed. The Amended Complaint alleges that the District itself was on notice and failed to redress the hostile environment, and that it retaliated. Doc. 10 ¶¶ 106, 110, 116.

46. Undisputed.

47. Disputed as incomplete. Plaintiff continued: the officials "higher than Mr. Mark" were "trying to cover it up." Ross Dep. 98:2-6.

48. Disputed as a characterization. In the same answer, Plaintiff explained: "I don't know if they really wanted to . . . help me. . . . I don't think that they wanted to, so I don't think there was no solution because of that." Ross Dep. 103:3-23.

49. Object that DSOF ¶ 49 states a legal conclusion. Undisputed that the pleading so alleges.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

50. Disputed. Mr. Woehl also reported Plaintiff's discrimination concerns to Dr. Urbanski, the acting dean, and shared his notes of Plaintiff's visits with Dr. Urbanski and the Vice President. Woehl Dep. 13:8-11, 91:8-23, 108:2-15. See PSOF ¶¶ 59-64.

51. Disputed. The Wilson and Diaz Declarations speak only to authority to investigate formal complaints. Mr. Woehl supervised and evaluated Mr. Cooper. He controlled instructor assignments, and he reassigned Mr. Hernandez away from Plaintiff. He was a mandatory reporter, and complaints came to him first. See PSOF ¶¶ 52-58.

## II. PLAINTIFF'S ADDITIONAL FACTS

### A. Mr. Woehl Supervised, Evaluated, and Assigned Mr. Cooper

52. Mr. Woehl was the Program Manager for GateWay's clock hour programs. He "oversaw program and staff." Woehl Dep. 7:19-22, 9:15-17.

53. Mr. Cooper reported to Mr. Woehl, and to no one else, for five to six years. Mr. Woehl was Mr. Cooper's supervisor in December 2022 and did his performance evaluations. Woehl Dep. 11:11-12:6.

54. Mr. Woehl evaluated instructors on "how they interacted with the students." Woehl Dep. 10:16-11:2.

55. Mr. Woehl handled student complaints. Under the practice he described, a complaint "came to me" and then went to the dean. Woehl Dep. 10:6-8, 26:19-25, 75:1-2.

56. Mr. Woehl, Mr. Cooper, and Mr. Hernandez told students to bring every complaint to Mr. Woehl and not to go to the front office. Ross Dep. 114:23-115:4.

57. Mr. Woehl met with the Vice President about Plaintiff's return. Mr. Woehl and the Vice President told Mr. Cooper he was no longer Plaintiff's instructor, and told Mr. Hernandez he was. Woehl Dep. 72:10-74:4. Mr. Woehl then reassigned Mr. Hernandez to cover another class. Ross Dep. 96:12-97:9.

58. District policy lists "Supervisors/Managers/Directors" as mandatory reporters of discrimination. Mr. Woehl was a manager. Woehl Dep. 105:12-107:4; PX 13 at MCCCD-Ross 001073.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**B. Notice Reached Mr. Woehl and His Superiors Before December 8, 2022**

59. On the first day of class in spring 2022, Mr. Cooper told Plaintiff he had seen a lynching as a child, and Plaintiff reported it to Mr. Woehl that day. Ross Dep. 49:2-23, 113:22-114:23.

60. Plaintiff complained to Mr. Woehl "[a]lmost more than ten times" before December 6, 2022. Ross Dep. 62:21-63:4.

61. Mr. Woehl admits Plaintiff told him that Mr. Cooper used the n-word. Woehl Dep. 24:19-22, 27:6-10, 53:5-7.

62. Mr. Woehl sent Plaintiff back to talk to Mr. Cooper. He told Plaintiff, "I don't think Mr. Cooper's racist. You should go talk to him." Woehl Dep. 27:2-5; Ross Dep. 115:6-13. Other than a make-up agreement, Mr. Woehl took no step to separate Plaintiff from Mr. Cooper: "No. I was never asked to." Woehl Dep. 28:3-18.

63. Mr. Woehl reported Plaintiff's discrimination concerns to Dr. Urbanski, the acting dean, before any formal complaint: "I don't know if the student is going to file a formal complaint. So . . . I let my leadership know this is what's going on." Woehl Dep. 13:8-11, 53:21-54:3, 91:8-23, 108:2-4. He shared his notes of Plaintiff's visits with Dr. Urbanski and the Vice President. Woehl Dep. 24:6-14, 108:10-15. Mr. Woehl no longer has those notes. Woehl Dep. 20:17-21:16.

64. On December 1, 2022, Mr. Woehl emailed Mr. Cooper, Dean of Student Affairs Terese Brown, and Dr. Urbanski about "issues." PX 6 at MCCCD-Ross 000466. On December 12, 2022, a dean wrote that a "related issue to the Tyrone Ross complaint" had been "submitted to BIT and there has been no follow up." Ms. Brown wrote that there were "concerning themes about the students' experience with the class, to include possible sexual harassment, discrimination, and an environment where students are scared to come forward." PX 6 at MCCCD-Ross 000465-466.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

**C. The District's Measures Did Not Separate Plaintiff From Mr. Cooper**

65. On December 12, 2022, District HR wrote: "we would need to remove this employee while the investigation is concluded." PX 6 at MCCCD-Ross 000462. The Interim Vice President of Academic Affairs wrote that she was "waiting for clarification on whether or not we need to pull the instructor even though the student is no longer attending." PX 7 at MCCCD-Ross 000488. Mr. Cooper was not placed on leave until March 9, 2023. DSOF ¶ 29.

66. The shop is "one huge area" with one lab and one classroom. Woehl Dep. 14:23-15:1, 73:15-17.

67. The District readmitted Plaintiff on February 8, 2023, into the same shop where Mr. Cooper was teaching. DSOF ¶ 24; Ross Dep. 35:4-15.

68. On his first day back, Plaintiff overheard Mr. Woehl and Mr. Cooper discussing how to turn students against him, and Mr. Woehl telling Mr. Cooper to find another way to do it "without him getting in trouble." Ross Dep. 81:5-82:12. Mr. Cooper said he wanted to "put me in the corner and seclude me." Ross Dep. 55:16-19.

69. Plaintiff called the District to report the recording, and "they did not believe" him; the woman he spoke with told him "you can't record nobody without they permission" instead of asking to hear it. Ross Dep. 90:12-21. Separately, Dr. Wilson, the Vice President of Student Affairs, told him his complaints were "in my head" and "impossible." Ross Dep. 54:7-24; DSOF ¶ 14.

70. Mr. Hernandez was pulled on about the second day. Mr. Cooper then "resumed all of the things that he done," directing Plaintiff's work and timeline every day. Ross Dep. 55:1-19, 96:12-97:9, 106:9-107:2.

71. Mr. Cooper and Mr. Woehl required Plaintiff to work on a car belonging to Mr. Cooper's friend, and Plaintiff was kept out of the paint booth. Ross Dep. 83:11-86:18.

72. Mr. Woehl told Mr. Hernandez he wanted Plaintiff "the fuck out of that school by Friday," whether or not he was finished. Ross Dep. 40:8-41:11.

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556

73. On March 7, 2023, Plaintiff reported retaliation. DSOF ¶ 28.

74. The District's May 17, 2023 decision on that complaint found that Mr. Cooper "did approach Mr. Ross when he was with other students on multiple occasions following his return to class," "despite prior conversations regarding the supportive measures to be put in place." It found that Mr. Cooper had first raised "the idea to separate Mr. Ross from the class," and that he approached students near Plaintiff despite "being instructed by another authority to not enforce any separation of Mr. Ross from the current cohort of students." It also found Mr. Cooper "exercised insufficient judgment in arranging his classroom in accordance with the supportive measures." PX 10 at ROSS_000018-20.

75. Mr. Woehl could not recall offering Plaintiff any supportive measures during the investigation. Woehl Dep. 86:24-87:1.

**D. The District Decided the Retaliation Complaint While OCR Was Pending**

76. On April 13, 2023, the District told Plaintiff that "[t]he complaint of retaliation is being investigated and you will be informed of the outcome of the investigation." PX 9 at ROSS_000009.

77. The District issued its decision on the retaliation complaint on May 17, 2023. The decision provided that "the disposition of this matter is considered final and concluded" if no response was received by May 30, 2023. PX 10 at ROSS_000018, ROSS_000021.

78. Plaintiff filed a complaint with the U.S. Department of Education, Office for Civil Rights, against GateWay Community College. He signed OCR's consent form on May 15, 2023. PX 11; Doc. 12 ¶ 1 (admitting the OCR complaint); PX 14.

79. The OCR complaint challenged the District's response to Plaintiff's internal complaints. Plaintiff submitted a mediation memorandum on September 12, 2023. PX 12; PX 14.

80. The District participated in OCR mediation. At the mediation, around December 2023, the District gave Plaintiff his certificate and told him for the first time

that Mr. Cooper no longer worked there. Ross Dep. 25:17-26:5, 27:13-28:3, 36:1-3, 104:2-15, 105:4-9; PX 14.

81. Plaintiff filed this action on May 16, 2025. DSOF ¶ 42.

RESPECTFULLY SUBMITTED this 13th day of October 2026.

MILLS + WOODS LAW, PLLC

By /s/ Sean A. Woods
Robert T. Mills
Sean A. Woods
5055 North 12th Street, Suite 101
Phoenix, Arizona 85014
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Justin S. Pierce
Alexandra N. Cayton
PIERCE COLEMAN PLLC
17851 North 85th Street, Suite 175
Scottsdale, Arizona 85255
Justin@PierceColeman.com
Alex@PierceColeman.com
Attorneys for Defendants

/s/ Sean A. Woods

MILLS + WOODS LAW, PLLC
5055 North 12th Street, Suite 101
Phoenix, AZ 85014
480.999.4556